**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KENDRA MICHELLE WILLIAMS, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:10-CV-03736-JEC |
| DR. HENRY JOEL SIGELSON, *et al.*, | |
| Defendants. | |

**FINAL REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 3). After consideration of Plaintiff's application, I find that Plaintiff meets the financial requirements for *in forma pauperis* status and hereby **GRANT** her request to proceed without prepaying fees or costs (Docs. 1, 3) pursuant to 28 U.S.C. § 1915(a).

**I.   Review of Complaint**

I must also determine whether Plaintiff's complaint[1] is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490

---

[1] Plaintiff submitted her original complaint (Doc. 1-1) on November 12, 2010. On November 23, 2010, Plaintiff submitted her amended complaint (Doc. 1-3). A party may amend its pleading as a matter of course once within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Because Plaintiff's amended complaint was timely submitted, I will confine my analysis to the amended complaint, and all references herein to Plaintiff's complaint refer to her amended complaint (Doc. 1-3).

U.S. 319, 324 (1989).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 327, or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003)

(affirming district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II.     **Plaintiff's Allegations**

Plaintiff sues Defendants Dr. Henry Joel Sigelson, Bortollazzo d/b/a Apollo MD, Wellstar Hospital, Wellstar Douglas Hospital, Nursing Administrator, Jane Doe, Kirk Rowland, Dennis Key, Sherry Graves, L. Sullivan, A. Wright, L. Jones, and Sabrina Taylor.  Plaintiff contends that she sought treatment at the Wellstar Douglas Hospital emergency room for a migraine headache.  After being triaged by a nurse, seen briefly by a doctor, and waiting for several hours, Plaintiff alleges that hospital personnel blocked her from leaving the facility when she decided to leave the hospital with her adult son and seek treatment elsewhere.  Plaintiff alleges that she was classified as "mentally ill," and security officers and police officers restrained her in the hospital against her will by placing her on an unwarranted psychiatric hold, using excessive physical force against her causing her various physical injuries, and handcuffing her to the hospital bed for several hours.  Plaintiff alleges that she was charged criminally for the incident, was out of work for a month due to her injuries, and was fired from her position at another Wellstar location in retaliation.  She also alleges that Wellstar Douglas Hospital altered her medical records, tampered with

video surveillance evidence from the date of the incident, and fraudulently billed her insurance company for treatment she did not receive. Plaintiff alleges various constitutional and civil rights violations, negligence, fraud, conspiracy, battery, assault, false arrest/imprisonment, negligent and intentional infliction of emotional distress, negligent employment, and seeks compensatory and punitive damages.

## III.   Discussion

Plaintiff's § 1983 action against Defendants is subject to dismissal, as Plaintiff has failed to allege that Defendants acted under "color of state law" or conspired with a state actor. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) ("Only in rare circumstances can a private party be viewed as a [s]tate actor for section 1983 purposes."); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Although Plaintiff mentions in her complaint that Douglas Police Department Officers Shane Graham and Sgt. Martin were involved in the incident at the hospital, Plaintiff has not sued them in either their individual or official capacities. Nor has Plaintiff sued the Douglas Police Department. Therefore, because

4

Plaintiff has not alleged claims against any state actors, her complaint should be dismissed without prejudice.[2]

## IV. Conclusion

Based on the foregoing, I **RECOMMEND** that this action be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed *in forma pauperis* (Docs. 1, 3) be **GRANTED** for the purpose of dismissal only.

**IT IS SO RECOMMENDED AND ORDERED** this 14th day of December, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court does not have original jurisdiction over Plaintiff's constitutional claims, the Court is not required to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367.